IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HARVARD PLACE APARTMENTS,
LP,

     Plaintiff,

v.

TARIA CALDWELL,

     Defendants.

CIVIL ACTION FILE NO.

1:15-CV-2808-TWT-CMS

## ORDER FOR SERVICE OF
## REPORT AND RECOMMENDATION

The Report and Recommendation of the undersigned United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), N.D. Ga. R. 72.1(B), (D), and Standing Order 14-01 (N.D. Ga. Aug. 15, 2014), has been filed.  The Clerk is **DIRECTED** to serve upon counsel for the parties and directly upon any unrepresented parties a copy of the Report and Recommendation and a copy of this Order.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within **FOURTEEN (14) DAYS** of service of this Order.  Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to any

transcripts if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court, and on appeal, the Court of Appeals will deem waived any challenge to factual and legal findings to which there was no objection, subject to interests-of-justice plain error review. 11th Cir. R. 3-1.

The Clerk is **DIRECTED** to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED and DIRECTED**, this 18th day of September, 2015.

Catherine M. Salinas
United States Magistrate Judge

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HARVARD PLACE APARTMENTS,
LP,

      Plaintiff,

v.

TARIA CALDWELL,

      Defendants.

CIVIL ACTION FILE NO.

1:15-CV-2808-TWT-CMS

## ORDER AND FINAL REPORT AND RECOMMENDATION

This case is before the Court on Defendant Taria Caldwell's application for leave to proceed without prepayment of fees and costs or security therefor pursuant to 28 U.S.C. § 1915(a) on her notice of removal from the Magistrate Court of Dekalb County, Georgia. (Doc. 1). Caldwell's affidavit of indigency indicates that she is unable to pay the filing fee or incur the costs of these proceedings. (Id.). Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied and Caldwell's application to proceed in forma pauperis is **GRANTED**.

However, because it is evident that this Court does not have jurisdiction over the claims Caldwell seeks to remove, the undersigned **RECOMMENDS** that this

action be **DISMISSED** and **REMANDED** to the Magistrate Court of Dekalb County pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

## I.    DISCUSSION

Pursuant to 28 U.S.C. § 1447(c), this court must remand any action which has been improperly removed if the court lacks subject matter jurisdiction:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).

Accordingly, the court must examine Caldwell's notice of removal to determine whether there is a proper basis for removal. In order for removal to be proper, Caldwell must demonstrate that the action is based on diversity jurisdiction, or that the action contains one or more claims arising under the Constitution, treaties or laws of the United States. 28 U.S.C. §§ 1441(a) & (b), 1331(a), 1332. In other words, a defendant may remove a case to federal court only if the district court would have had jurisdiction over the case if it had been brought there originally. Kemp v. Int'l Bus. Machs. Corp., 109 F.3d 708, 711-12 (11th Cir. 1997) (citing 28 U.S.C. § 1441). The statute is strictly construed, requiring remand to state court if any doubt exists over whether removal was proper. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104 (1941). The

2

party seeking removal bears the burden to establish federal jurisdiction. <u>Friedman v. New York Life Ins. Co.</u>, 410 F.3d 1350, 1353 (11th Cir. 2005).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." <u>Caterpillar, Inc . v. Williams</u>, 482 U.S. 386, 392 (1987) (citations omitted).

Here, Caldwell attached to the Complaint a copy of the Dispossessory Warrant from the Magistrate Court of Dekalb County, alleging a violation of a lease agreement (Doc. 1-1 at 13), and a copy of her Answer where she indicates her landlord terminated her lease "without a valid reason" and "failed to repair the property." (Doc. 1-1 at 12).  Under the well-pleaded complaint rule, there is no indication that the state court dispossessory proceedings contain a federal question. Moreover, dispossessory proceedings are typically matters of state law.  <u>See Beneficial Nat'l Bank v. Anderson</u>, 539 U.S. 1, 6 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."); <u>see also U.S. Bank Nat. Ass'n v. Sanders</u>, No. 1:13-cv–357-WSD, 2015 WL 1568803, *3 (N.D. Ga. Apr. 7, 2015).  Caldwell

has not alleged, nor do the Dekalb County documents show, that the she relied upon any federal statute in that proceeding.  Although Caldwell alleges violations of federal law and the United States Constitution in her petition for removal, a case may not be removed to federal court on the basis of a federal defense or on the basis of a federal counterclaim.  See Caterpillar, 482 U.S. at 393; Holmes Group., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002).

It is also apparent that no diversity jurisdiction exists.  Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction for all civil actions where the amount in controversy exceeds $75,000.00 and is between citizens of different states.  The pleadings indicate that the plaintiff seeks possession of the premises against Caldwell and all other occupants based on a violation of the lease.  With respect to the calculation of the amount in controversy when the dispute involves a dispossessory proceeding, this court has held "as a matter of law, that a claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy."  Novastar Mortgage, Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361-62 (N.D. Ga. 2001).  Thus, there is no monetary amount in controversy for dispossessory actions where a plaintiff is seeking only equitable relief from the court to gain possession of real property.  See id.  Moreover, Caldwell has failed to show that the action is between citizens

4

of different states and the Civil Cover Sheet that Caldwell completed indicates that the parties are all citizens of the State of Georgia. (Doc. 1-2 at 1).[1]

## II.   CONCLUSION

Because this Court does not have jurisdiction over Caldwell's case, it is **RECOMMENDED** that the case be **REMANDED** to the Magistrate Court of Dekalb County.   Caldwell's motion to proceed in forma pauperis (Doc. 1) is **GRANTED** solely for the purpose of remand.

So ORDERED, this 18th day of September, 2015.

Catherine M. Salinas
United States Magistrate Judge

---

[1] In addition, while Caldwell generally alleges "systematic and premeditated deprivations of fundamental Rights," as well as the denial of a right to a jury trial and discrimination based on race and physical handicap, Caldwell has not shown that she is without a remedy in the state court system such that removal would be authorized under 28 U.S.C. § 1443.  See Alabama v.Conley, 245 F.3d 1292, 1295 (11th Cir. 2001).

5